UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRISTOPHER NICHOLSON,

           Plaintiff,

v.

PATRICK MISETA et al.,

           Defendants.

_____/

Case No. 1:23-cv-1084

Honorable Sally J. Berens

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) The Court previously stayed proceedings in this case and referred it to the Prisoner Civil Rights Litigation Early Mediation Program. (ECF No. 4.) Early mediation was held on July 29, 2024, but the case did not settle. (ECF No. 9.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a

court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

2

from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, the following claims: (1) Plaintiff's official capacity claims; (2) Plaintiff's Eighth Amendment claims; and (3) Plaintiff's Fourteenth Amendment equal protection and due process claims. Plaintiff's individual capacity First Amendment retaliation claims against Defendants will remain in the case.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Prison Counselor Patrick Miseta and Correctional Officer Unknown Jarvis in their official and individual capacities.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that as of January 2023, he locked in ECF's Housing Unit 2 with inmate Samuel Ricks. (Compl., ECF No. 1, PageID.3.) Plaintiff and Ricks did not get along "and had multiple [physical] altercations which ultimately led to [Ricks] going to segregation." (*Id.*) Plaintiff alleges that in May of 2023, staff forced Ricks to move back in with Plaintiff, despite Ricks telling officers that he did not feel safe. (*Id.*)

On June 1, 2023, Plaintiff spoke to non-party Unit Officer Baldzik about the issue, stating that he was in fear because of living with Ricks. (*Id.*) Plaintiff requested a cell change. (*Id.*) Baldzik told Plaintiff that he would need to speak with Defendant Miseta. (*Id.*)

On June 5, 2023, Plaintiff spoke to Defendant Jarvis about his concerns. (*Id.*) Defendant Jarvis told Plaintiff that he needed to "drop the issue" or Defendant Jarvis would make sure Plaintiff ended up in segregation if Plaintiff "made him do his job." (*Id.*) Plaintiff spoke to Defendant Miseta the same day. (*Id.*) Defendant Miseta told Plaintiff "to just deal with it" and that "his hands were tied unless [Plaintiff] wanted to go to segregation." (*Id.*) Plaintiff submitted a grievance regarding Defendant Miseta's response later that day. (*Id.*)

On June 6, 2023, Plaintiff was called to the officers' base by non-party Officer Jacobs. (*Id.*) Once Plaintiff was there, Defendant Miseta ordered Plaintiff to provide his ID card and to turn around to be handcuffed. (*Id.*) Plaintiff was then taken to segregation. (*Id.*) A couple hours later, Plaintiff received a fabricated misconduct from Defendant Jarvis. (*Id.*) Defendant Jarvis charged Plaintiff with disobeying a direct order, alleging that Plaintiff disregarded an order to return to his cell. (ECF No. 1-1, PageID.10.) The misconduct was elevated to a Class I misconduct upon review. (*Id.*)

Plaintiff appeared before non-party Administrative Law Judge Tucker on June 14, 2023, for misconduct proceedings. (ECF No. 1, PageID.4.) Tucker found Plaintiff not guilty of the

charge, stating that there was not a sufficient basis to conclude that Plaintiff had disobeyed a direct order. (ECF No. 1-1, PageID.11–12.)

Based upon the foregoing, Plaintiff asserts First Amendment retaliation, Eighth Amendment cruel and unusual punishment, and Fourteenth Amendment equal protection claims against Defendants. (ECF No. 1, PageID.5–6.) Plaintiff's complaint can also be liberally construed to assert Fourteenth Amendment due process claims premised upon the false misconduct. Plaintiff seeks declaratory relief, as well as compensatory and punitive damages. (*Id.*, PageID.7.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff raises three Section 1983 claims: (1) violation of Plaintiff's First Amendment right to the free exercise of religion; (2) violation of Plaintiff's right to equal protection; and (3) violation of Plaintiff's right to due process. (ECF No. 1, PageID.1.)

### A.     Official Capacity Claims

Plaintiff sues Defendants in both their official and personal capacities. Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh

Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a Section 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks damages, as well as declaratory relief. (Compl., ECF No. 1, PageID.9–10.) Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities.

An official capacity action seeking declaratory and injunctive relief constitutes an exception to sovereign immunity. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Although Plaintiff is still incarcerated at ICF, his complaint lacks any suggestion that Defendants are engaged in ongoing violations of federal law. Accordingly, the declaration that Plaintiff seeks is in no way prospective because Plaintiff simply asks the Court to declare that Defendants' past actions violated the

Constitution. Such a retrospective request does not fit within the *Ex parte Young* exception to sovereign immunity.

For all of these reasons, Plaintiff's official capacity claims will be dismissed in their entirety.

### B.    Personal Capacity Claims

#### 1.    First Amendment Retaliation Claims

Plaintiff contends that Defendants retaliated against him, in violation of the First Amendment, for voicing his concerns about inmate Ricks and for filing a grievance by placing him in segregation and issuing a fabricated misconduct. (Compl., ECF No. 1, PageID.5.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff engaged in protected conduct by orally voicing his concerns about inmate Ricks and by submitting a written grievance about Defendant Miseta. *See Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."). Moreover, the issuance of misconduct tickets and placement in segregation constitute adverse actions. *See Hill v.*

*Lappin*, 630 F.3d 468, 474 (6th Cir. 2010) (noting that "actions that result in more restrictions and fewer privileges for prisoners are considered adverse"); *Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007). Finally, Plaintiff has sufficiently alleged facts to support an inference that Defendants' conduct was motivated by the protected conduct. Plaintiff contends that Defendants told him that he would go to segregation if he continued to complain. Moreover, he alleges that he was placed in segregation and received the misconduct the day after he orally complained to Defendants and submitted his written grievance. Plaintiff's retaliation claims, therefore, may not be dismissed upon initial review.

### 2.    Eighth Amendment Claims

Plaintiff next suggests that his placement in segregation for eight days violated his rights under the Eighth Amendment. (Compl., ECF No. 1, PageID.6.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v.*

*McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Placement in segregation has been held to be a routine discomfort that is "part of the penalty that criminal offenders pay for their offenses against society." *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347). Even though Plaintiff may have been denied certain privileges as a result of his placement in segregation, his complaint is devoid of allegations suggesting that he was denied basic human needs and requirements. The Sixth Circuit has held that, without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Moreover, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U.S.C. § 1997e(e); *see also Hudson*, 503 U.S. at 5; *Harden-Bey*, 524 F.3d at 795. Accordingly, Plaintiff's Eighth Amendment claims will be dismissed.

### 3.      Fourteenth Amendment Claims

#### a.      Procedural Due Process

As noted *supra*, the Court has liberally construed Plaintiff's complaint to raise Fourteenth Amendment due process claims regarding the falsified misconduct. A prisoner's ability to challenge a misconduct conviction depends on whether the conviction implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff's complaint and exhibits clearly indicate that he was found not guilty, and the ticket was dismissed. "Due process of law requires only that the person have the opportunity to convince an unbiased decision maker that he has been wrongly or falsely accused or that the evidence against him is false." *Onumonu v. Mich. Dep't of Corr.*, No. 1:21-cv-33, 2021 WL 972809, at *3 (W.D. Mich. Mar. 16, 2021); *see also Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (agreeing that an inmate's misconduct proceedings did not implicate a protected liberty interest because he was found not guilty); *Barlow v. Dominguez*, No. 98-2414, 1999 WL 1045174, at *1 (6th Cir. Nov. 9, 1999) (noting that the inmate's "due process rights were protected when, at an administrative hearing concerning the ticket, [the inmate] was found not guilty and the ticket was dismissed"). Here, Plaintiff's allegations show that he had such an opportunity, and that ultimately, he was found not guilty of the misconduct charge. Any intended procedural due process claims will, therefore, be dismissed.

### b.     Substantive Due Process

Any intended substantive due process claims will also be dismissed. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). With respect to an allegedly falsified misconduct report, the Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-*

*X v. Blatter*, 175 F.3d 378 (6th Cir. 1999); *see also Scott v. Churchill*, 377 F.3d 565 (6th Cir. 2004);

*Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, at *4 (W.D. Mich. Dec. 22, 2016).

Plaintiff was found not guilty of the misconduct based upon Tucker's conclusion that, "[a]bsent additional evidence, [Plaintiff's] claim that Officer Jarvis did not communicate with him or give him a direct order to return to his cell cannot be totally rejected." (ECF No. 1-1, PageID.12.) Tucker noted that video of the incident "appears to only support that Officer Jarvis walked over to [Plaintiff] and placed restraints on him." (*Id.*) While the Court does not condone any falsehoods made in order to issue Plaintiff a misconduct ticket, the Court cannot construe a substantive due process claim when Plaintiff's complaint lacks facts suggesting that any of the Defendants acted to frame Plaintiff. *Cf. Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005) ("The issuance of false misbehavior reports and provision of false testimony against an inmate by corrections officers is insufficient on its own to establish a denial of due process. Rather, such action violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him, or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights.").

Moreover, "[w]here a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273–75 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*,

519 F. App'x 911, 923 (6th Cir. 2013). Here, the First Amendment applies to protect Plaintiff's rights regarding the allegedly false misconduct. Accordingly, any intended substantive due process claims against Defendants will be dismissed.

### c.    Equal Protection

Plaintiff contends that Defendants violated his Fourteenth Amendment equal protection rights by failing to "treat [him] the same as similarly situated prison[ers] [who are] afforded the same rights." (Compl., ECF No. 1, PageID.6.)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const. amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)). Plaintiff, however, wholly fails to allege facts suggesting that others who were similarly situated were treated differently than him. Overall, Plaintiff's allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

13

Furthermore, even viewing Plaintiff's equal protection claims as class-of-one claims, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory, and he has alleged no facts that plausibly suggest that his equal protection rights were violated. Accordingly, Plaintiff's Fourteenth Amendment equal protection claims against Defendants will be dismissed.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that the following claims within Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c): (1) Plaintiff's official capacity claims; (2) Plaintiff's Eighth Amendment claims; and (3) Plaintiff's Fourteenth Amendment equal protection and due process claims. Plaintiff's individual capacity First Amendment retaliation claims against Defendants will remain in the case.

An order consistent with this opinion will be entered.


Dated:   August 13, 2024                           /s/ Sally J. Berens
                                                   SALLY J. BERENS
                                                   United States Magistrate Judge

14