UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER NICHOLSON,

    Plaintiff,

v.

PATRICK MISETA and UNKNOWN
JARVIS,

    Defendants.
_____/

Case No. 1:23-cv-1084

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

    The Court has reviewed Magistrate Judge Berens's Report and Recommendation, (ECF No. 30), and Plaintiff's Objections to the Report and Recommendation, (ECF No. 31). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. June 2024 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. The Magistrate Judge recommends that the Court grant Defendant's motion for summary judgment as to Defendant Miseta. For the reasons explained below, the Court agrees that summary judgment is appropriate. Accordingly, the Court approves and adopts the Magistrate Judge's recommendation.

## BACKGROUND

Plaintiff says that in the beginning of January 2023, he and his cellmate at the Oaks Correctional Facility in Manistee, Michigan were not getting along. (ECF No. 1, PageID.3). In fact, they were involved in numerous physical altercations leading corrections staff to place Plaintiff's cellmate in segregation. When corrections staff assigned Plaintiff the same cellmate at the end of May 2023, Plaintiff informed staff, including Defendant Miseta, that he did not feel safe. (*Id.*) Plaintiff ultimately authored a grievance against Defendant Miseta on June 5, 2023, after which Plaintiff says that Miseta called him to base, took his Prison Identification Card, handcuffed Plaintiff, and placed him in segregation. (*Id.*, PageID.3-4). Plaintiff later learned that a different corrections officer[1] had issued Plaintiff a false misconduct ticket. (*Id.*, PageID.4.) Plaintiff alleges that Defendant Miseta acted alongside the other corrections officer in retaliation for Plaintiff's grievance against Miseta. (*Id.*, PageID.6).

## DISCUSSION

Plaintiff objects to two of the Magistrate Judge's determinations in the Report and Recommendation: first, that Plaintiff's June 5, 2023, grievance could not serve to exhaust his retaliation claim against Defendant Miseta where Plaintiff filed the grievance prior to the alleged

---

[1] Plaintiff initially named this corrections officer—Unknown Jarvis—as a Defendant in his complaint. But Jarvis was dismissed without prejudice because he is on military deployment overseas, and the United States Marshal's Office was unable to serve him. (ECF No. 27).

retaliation, and second, that Plaintiff could not and did not exhaust his retaliation claim against Defendant Miseta through the misconduct hearing process. (ECF No. 31, PageID.180-181).

In arguing that his June 5, 2023, grievance satisfies the exhaustion requirement for his retaliation claim, Plaintiff concedes that the grievance serves as the alleged protected conduct underlying his retaliation claim. (*Id.*, PageID.180). But Plaintiff argues that because he stated in his grievance that he feared retaliation, the grievance provided the Michigan Department of Corrections (MDOC) with adequate notice of the ensuing retaliatory misconduct ticket. (*Id.*) Simply put, Plaintiff has provided no authority, and the Court is unaware of any authority, under which a prisoner litigant can preemptively exhaust a violation of his rights that has yet to occur. The Magistrate Judge's conclusion that Plaintiff's grievance failed to exhaust his retaliation claim against Defendant Miseta is justified. The Court therefore turns to Plaintiff's second objection.

Under MDOC policy at the time, an inmate who claimed to have received a retaliatory misconduct ticket was required to exhaust the issue through the misconduct hearing process. MDOC Policy Directive 03.02.130 at ¶¶ 9, 11 (effective Mar. 18, 2019, superseded Sept. 25, 2023); *see also Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011). This meant that the inmate was required to raise the issue of retaliation at his misconduct hearing, and, in the case of a Class I Misconduct, within his request for a rehearing. Here, Plaintiff argues that he raised the issue of retaliation in his request for a rehearing. (ECF No. 31, PageID.181; *see also* ECF No. 23-5, PageID.151 (Request for Rehearing)). The problem is that Plaintiff's misconduct hearing report reflects that Plaintiff did not attend the initial misconduct hearing. (ECF No. 23-4, PageID.149-150 (Hearing Report)). And although Plaintiff submitted a statement for consideration at the hearing, that statement did not raise retaliation. (ECF No. 1-4, PageID.14). Once again, the

Magistrate Judge's conclusion is justified; Plaintiff failed to exhaust his retaliation claim against Defendant Miseta through the misconduct hearing process.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 30) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 18) is **GRANTED**.

A separate Judgment will enter.


Dated:  January 15, 2025              /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 UNITED STATES DISTRICT JUDGE